CHARLES BETCHER LUMBER COMPANY v. BRIDGET E.
DEVENNEY.[1]

November 1, 1901.

Nos. 12,679—(29).

Admission of Evidence—Charge to Jury.

In an action to recover for goods purchased by an alleged agent, *held*,
that the trial court did not err in its rulings as to the admission of evi-
dence, nor in its instructions to the jury, and that the verdict is sus-
tained by the evidence.

Appeal by defendant from an order of the district court for
Traverse county, Steidl, J., denying a motion for judgment in her
favor notwithstanding the verdict or for a new trial. Affirmed.

*Spooner & Shelley* and *Marshall A. Spooner*, for appellant.

*F. W. Murphy*, for respondent.

PER CURIAM.

Action to recover $72.39 and interest for lumber alleged to have
been sold by the plaintiff to the defendant. Verdict for the plain-
tiff for the amount claimed, and the defendant appealed from an
order denying her motion for judgment notwithstanding the ver-
dict, or for a new trial.

The first alleged error to be considered is that the trial court
erred in not dismissing the case for the reason that the evidence
was not sufficient to justify a verdict against the defendant.

It is a conceded fact that the defendant personally never had
anything to do with the alleged purchase of the lumber, but that
it was ordered by a brother of the defendant's husband, who
directed it to be charged to the husband, and it was so charged.
It was, however, the contention of the plaintiff upon the trial that
the husband was the general agent of the defendant in the man-
agement and care of her farms; and, further, that the brother,
by the direction of the husband as such general agent, purchased
the lumber for the purpose of building a hog and hen house on

[1] Reported in 87 N. W. 839.

one of the defendant's farms, and that the lumber was so purchased and was so used. The evidence was plenary that the husband was such agent, and that the lumber was used to erect the buildings on defendant's farm. There was also evidence given on the trial on behalf of the plaintiff tending to support its contention that the husband did authorize the purchase of the lumber for the purposes stated, and that after the buildings were erected he caused them to be painted, and also paid the carpenter for his services in erecting them. It is true that much of the evidence was contradictory, but upon the record we are of the opinion that the evidence was sufficient to justify a finding that the purchase of the lumber was authorized by the defendant, and that the verdict is sustained by the evidence.

The defendant also claims that the trial court erred in its rulings as to the admission of evidence. We have examined the alleged errors, and find that in this respect no reversible error was made by the trial court.

The last alleged error is that the court erred in submitting to the jury the question of the ratification of the purchase of the lumber, because there was no evidence tending to show any ratification. We hold that there was, and that the instruction was correct.

Order affirmed.