JOHN RAHM v. ELIZABETH M. NEWTON.[1]

November 21, 1902.

Nos. 13,144—(113).

**Married Woman—Husband as Agent.**

A judgment of a justice of the peace. *held* properly reversed by the district court for errors in the exclusion of evidence tending to show that the husband of defendant was her agent, and authorized to purchase property for her.

[1] Reported in 92 N. W. 408.

Appeal by defendant from a judgment of the district court for Becker county, Baxter, J., reversing a judgment of a justice of the peace in favor of defendant. Affirmed.

*Harris Richardson*, for appellant.

*C. M. Johnston*, for respondent.

BROWN, J.

This action was brought in justice court to recover the value of certain building stone alleged to have been sold and delivered to defendant by plaintiff. Defendant had judgment in that court. Plaintiff appealed to the district court upon questions of law alone, where the judgment was reversed, and defendant appealed to this court.

The district court made a general order reversing the judgment of the justice of the peace, assigning no reasons for its decision; and we are required to examine the record to ascertain whether the order was justified upon any ground. Appellant argued the case in this court upon the theory that the court below held that the evidence was insufficient to justify the judgment of the justice, and it is insisted in her behalf that the court was in error in so holding. Whether this was the ground of the decision of the court below, we are not advised. It may be conceded that the evidence offered and received before the justice was such that from it he might properly have reached the conclusion he did, but, if he committed any errors in the exclusion of competent evidence, the district court was right in reversing his judgment. We find such errors in the record.

The short facts are that defendant was engaged in the construction of a building upon a lot owned by her, for the foundation of which certain building stone was required. Her husband entered into a contract with plaintiff for the purchase of such stone; and the theory of the action was that the husband was the agent of defendant; and that the contract made by him for materials used in her building was binding upon her. When upon the witness stand, defendant was questioned relative to the manner of transacting her business and buying materials for her new house, and particularly whether her husband ever made purchases of articles

to be used in connection with the property without special instructions from her. The question was objected to, and the justice sustained the objection. Other questions were put to her, which, if answered, might tend to show that her husband was her general agent, and authorized to transact her business. The justice excluded all such evidence, and we think erroneously so. It is very true that a married woman may engage in business in her own name, and conduct her own affairs independently of her husband; but in all such cases it is proper to show, when contracts have been made by the husband apparently in her interest, that he was her agent, and authorized to make the contracts for her. For the error in excluding that sort of evidence in this case, the judgment of the justice was properly reversed. The case is very similar, upon its merits, to Charles Betcher Lumber Co. v. Devenney, 84 Minn. 262, 87 N. W. 839.

Counsel for appellant is in error in stating that judgment was entered in the district court for the value of the stone alleged to have been furnished defendant. The judgment entered in that court was simply one of reversal, and left the parties as though no action had ever been brought, so far as the merits of the case are concerned.

Judgment affirmed.